IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COURTNEY E. MORRIS,                       )<br>                                                               )<br>                        Plaintiff,           )<br>                                                               )<br>v.                                                          )<br>                                                               )<br>UNIFIED GOVERNMENT OF WYANDOTTE )<br>COUNTY/KANSAS CITY, KANSAS, et al.,  )<br>                                                               )<br>                        Defendants.      )<br>_____ ) | CIVIL ACTION<br><br>No. 06-2101-KHV |

## ORDER

On March 17, 2006, plaintiff filed a civil complaint. As of July 26, 2006, the record did not disclose that service of the summons and complaint had been accomplished under Fed. R. Civ. P. 4(m) on defendants Kimberly S. Tibbetts and John Doe. The Court therefore ordered plaintiff to show good cause in writing why service of the summons and complaint had not been made on these defendants within 120 days from the filing of the complaint, and further show good cause in writing why her claims against these defendants should not be dismissed in their entirety without prejudice. See Notice And Order To Show Cause (Doc. #8).

Plaintiff has now served Kimberly S. Tibbetts, and she has filed an answer. See Answer (Doc. #16) filed August 28, 2006. Therefore the issue of service is moot as to Tibbetts.

As to John Doe and other unknown supervisors for the Unified Government and Sheriff Leroy Green, plaintiff asks for an extension of time so that she can obtain service by publication on these unknown individuals under K.S.A. § 60-307. The Unified Government and Sheriff Green note that service by publication is not appropriate in this case under K.S.A. § 60-307 because (1) John Doe and other

unknown supervisors are not within the category of defendants identified in K.S.A. § 60-307(a)(5); (2) plaintiff's cause of action does not fall within the categories of actions where service by publication is permitted under K.S.A. § 60-307(a)(1) through (4); and (3) service by publication is not proper in an action for monetary damages.  Plaintiff has not filed a reply on the issue.  For substantially the reasons stated in Defendants' Objection To Plaintiff's Request For Extension Of Time To Serve Process On Defendants John Doe And Other Unknown Supervisors By Publication (Doc. #13) filed August 11, 2006, the Court overrules plaintiff's request to extend the deadline for service on John Doe and other unknown supervisors.[1]  This action is dismissed without prejudice as to defendants John Doe and other unknown supervisors of the Unified Government and Sheriff Green.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] The Kansas Court of Appeals has explained that K.S.A. § 60-307(a)(1) through (a)(3) applies to service by publication in actions pertaining to status or to property located within the state while K.S.A. § 60-307(a)(4) applies to service by publication in actions in which defendant has left the state or is hiding within the state with the intent to avoid service.  See Medina v. Am. Family Mut. Ins. Co., 29 Kan. App.2d 805, 807, 32 P.3d 205, 207 (2001).  In any event, if defendant does not appear, any judgment warranted by service by publication is limited to one affecting the property, res or status within the jurisdiction of the court, i.e. service by publication shall not warrant a personal judgment against defendant. See id.; Davila v. Vanderberg, 4 Kan. App.2d 586, 608 P.2d 1388 (1980).